## Pearson *v.* Kurtz et al., Appellants.

*Brokers — Stock brokers — Principal and agent — Collateral — Pledge—Sale—Notice—Contract.*

1. Authority to a holder of collateral security to loan or pledge it, does not justify him in selling it without notice to the owner.

2. A holder of collateral security does not acquire a right to sell it without notice, merely by stating, on accounts current sent to the owner, that it is understood and agreed he had that right.

3. A contract complete in itself cannot be altered without another meeting of the minds, and a new consideration.

Argued February 12, 1924. Appeal, No. 33, Jan. T., 1924, by defendants, from judgment of C. P. No. 5, Phila. Co., Sept. T., 1920, No. 7564, on verdict for plaintiff, in case of Stanley W. Pearson v. Henry K. Kurtz et al., co-partners trading as Kurtz Brothers. Before MOSCHZIS-KER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for alleged unlawful conversion of securities. Before HENRY, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $7,199.62. Defendants appealed.

*Error assigned* was, inter alia, refusal of defendant's motion for judgment n. o. v., quoting record.

*Harold B. Beitler,* of *Dickson, Beitler & McCouch,* for appellants, cited: Rinker v. Ins. Co., 214 Pa. 608; Rumberger v. Golden, 99 Pa. 34.

*Wm. Clarke Mason,* with him *A. Allen Woodruff* and *Morgan, Lewis & Bockius,* for appellee, cited: Diller v. Brubaker, 52 Pa. 498; Berberich's Est., 257 Pa. 181; Berberich's Est., 264 Pa. 437; Vilsack v. Wilson, 269 Pa. 77.

OPINION BY MR. JUSTICE SIMPSON, March 10, 1924:

Plaintiff recovered a verdict and judgment against defendants, upon allegation and proof that, without notice, they had sold certain stocks of his, which they held as collateral security for a debt due by him to them. Upon this appeal they do not raise any question regarding the admission or rejection of evidence; nor as to plaintiff's right to recover, if the sale was made without his express or implied consent; nor as to the amount of the verdict, if he was entitled to recover anything.

In their brief they say that the question to be decided is: "Did defendants have a right to sell plaintiff's securities without notice?" and allege as their first reason for claiming this right, that, years before the present transaction began, he had signed and given to another firm of the same name,—only some of the present defendants being members of it,—a paper which provided as follows: "As to all stocks and bonds which you have heretofore bought and are carrying for my account, or that you may hereafter buy and carry for my account ......I hereby agree that the same may at any time be loaned or pledged by you, either separately or together with other securities not belonging to me, for the sum of my indebtedness to you, or for a greater sum, without further notice to me." If we were to treat this paper as applicable to the present transaction, appellants would not be helped, for it gave to them no authority to sell plaintiff's securities without notice, as they did in the instance of which complaint is made, but, at most only gave each such right to those to whom the securities might "be loaned or pledged" by defendants.

It is next claimed that defendants had the right to sell them, because of what was printed in small type at the top of certain statements of account sent by them to plaintiff, viz., "It is understood and agreed that all securities carried for your account, or deposited to secure the same......may be bought or sold at public or pri-

vate sale without notice, when such sale or purchase is deemed necessary by us for our protection, that we may settle contracts for the purchase or sale of securities in accordance with the rules and customs of the Philadelphia Stock Exchange." Without considering the other reasons why this contention cannot prevail, it is sufficient to say that defendants could not thus add a new term to their contract with plaintiff, which was complete in itself, and could not be altered without another meeting of their minds, and a new consideration (Berberich's Est., 257 Pa. 181, 191), neither of which is even pretended.

The judgment of the court below is affirmed.